UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                                 Case No. 18-cr-134-01-PB

Tasha Loaiza


**REPORT AND RECOMMENDATION**

On November 5, 2018, the defendant entered a guilty plea to the charge of Aiding and Abetting Distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 18 U.S.C. § 2. On November 6, 2018, the defendant, who is currently detained, filed a Motion for Bail Hearing and Conditional Release. (Doc. No. 17). Subsequently the matter was referred to the Magistrate Judge for resolution. (Endorsed Order Dated Nov. 8, 2018).[1] The undersigned heard argument on the motion for

---

[1] There is an open question as to whether a magistrate judge must resolve a post-plea motion for release by Report and Recommendation or may simply resolve the matter by order. Compare United States v. Blechman, No. 10-40095-01/02-SAC, 2011 WL 2473735, at *12 (D. Kan. June 22, 2011) (magistrate judge is not a "judicial officer" under § 3141(b) with authority to issue an order of release or detention following sentencing) with Gov't of Virgin Islands v. Clark, 763 F. Supp. 1321, 1322 (D.V.I. 1991) ("Under 18 U.S.C. § 3141(b), a judicial officer of a court of original jurisdiction over an offense, e.g., a United States magistrate judge, has the power to 'order that, pending imposition or execution of a sentence a person be released or detained under this chapter.'")(ellipsis omitted), aff'd, 989 F.2d 487 (3d. Cir. 1993). In an abundance of caution, the court will issue a Report and Recommendation in this matter.

conditional release on November 16, 2018, at which the government objected to the defendant's release.

## I. Applicable Legal Standard

The defendant agrees that 18 U.S.C. § 3143(a)(2) applies to the instant request for conditional release after the entry of a guilty plea. Section 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)
>
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A)-(B).[2]

Defense counsel agrees that neither subsection (a)(2)(A)(i) nor (a)(2)(A)(ii) applies in this case. Given that the statute

---

[2] The defendant concedes that she has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C), and is therefore subject to § 3142(a)(2).

2

provides that "[t]he judicial officer shall order that a person . . . be detained unless" one of those two subsections applies, it would appear the court lacks statutory authority to release the defendant pending sentencing.  Nonetheless, the defendant advances two arguments as to why the court should release her.

### A.  RELEASE IS AUTHORIZED UNDER 18 U.S.C. § 3145(c)

Despite not satisfying the requirements of Section 3143(a)(2), the defendant maintains that the court has discretion to release her under 18 U.S.C. § 3145(c).  Section 3145(c) provides as follows:

> **(c) Appeal From a Release or Detention Order.—** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

It is unclear from the statutory language whether § 3145(c) was intended to apply only to appeals of a release or detention order, or whether it also applies at the district court level. Most – but not all – decisions of district courts in this

3

circuit to consider the issue have cited the unpublished decision of United States v. Weiner, No. 92-1708, 1992 WL 180697 (1st Cir. July 31, 1992) for the proposition that a district court may apply the "exceptional reasons" provision of 18 U.S.C. § 3145(c). Compare United States v. Farlow, 824 F. Supp. 2d 189, 193 (D. Me. 2011) (applying § 3145(c) in district court proceeding); United States v. Fournier-Olavarria, 796 F. Supp. 2d 285, 289 (D.P.R. 2011) (same); United States v. Cameron, 756 F. Supp. 2d 148, 151 (D. Me. 2010) (same); United States v. Kenney, 2009 WL 5217031, at *1 (D. Me., Dec. 30, 2009) (same) with United States v. Correia, 17 F. Supp. 3d 125, 127 (D. Mass. 2014) (§ 3145(c) does not apply in district court proceeding).[3] It is also worth noting that other courts of appeals to consider the issue have similarly ruled that § 3145(c) applies in district court matters.  See United States v. DiSomma, 951 F.2d 494 (2d Cir. 1991); United States v. Goforth, 546 F.3d 712 (4th Cir. 2008); United States v. Carr, 947 F.2d 1239 (5th Cir. 1991); United States v. Christman, 596 F.3d 870 (6th Cir. 2010); United States v. Herrera-Soto, 961 F.2d 645 (7th Cir. 1992);

---

[3] See also United States v. DiMattina, 885 F. Supp. 2d 572, 587 (E.D.N.Y. 2012) (§ 3145(c) does not apply in district court proceedings); United States v. Rausch, 746 F. Supp. 2d 1192, 1195-98 (D. Colo. 2010) (same); United States v. Chen, 257 F. Supp. 2d 656, 659-60 (S.D.N.Y. 2003) (same); In re Sealed Case, 242 F. Supp. 2d 489, 491 (E.D. Mich. 2003) (same).

United States v. Mostrom, 11 F.3d 93 (8th Cir. 1993); United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003); United States v. Jones, 979 F.2d 804 (10th Cir. 1992); United States v. Meister, (11th Cir. 2013). Without taking a position on this legal issue, the court will assume § 3145(c) applies in this case.

The First Circuit has stated that the "exceptional reasons" standard in § 3145(c) requires that that the defendant establish that there are "a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. Weiner, No. 92-1708, 1992 WL 180697, at *3 (1st Cir. July 31, 1992) (quoting United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991)).  The Eighth Circuit has similarly held that "'[e]xceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.'"  United States v. Helder, No. 05-00125-CR-W-DW, 2006 WL 4080952, at *2 (W.D. Mo. Sept. 21, 2006) (citing United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)) (internal citation omitted).  Personal reasons, such as caring for family members, being gainfully employed, and caring for young children with unique health problems are not extraordinary reasons. United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003).

5

In support of her argument "that there are exceptional reasons why . . . detention would not be appropriate" in this case, the defendant recites the arguments for release outlined in the motion for conditional release.  The court finds that none of the reasons recited by defendant satisfy the "extraordinary reasons" standard.  Thus, the defendant's release is not justified under § 3145(c).

### B. THERE ARE CLEAR AND CONVINCING REASONS TO RELEASE THE DEFENDANT

Alternatively, the defendant argues that the court has discretion to release the defendant if she presents clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community.  The court disagrees that it has the discretion to apply the clear and convincing standard to a defendant who falls under 18 U.S.C. § 3143(a)(2) and cannot satisfy either subsection (a)(2)(A)(i) or (a)(2)(A)(ii).  Thus, this argument fails as a matter of law.

Even if, however, the court has the discretion to apply the clear and convincing standard in this case, it finds the defendant failed to meet it for the reasons more specifically stated on the record.  Without listing all the factors favoring detention, the court notes the following:

*The weight of the evidence is conclusive as the defendant has

now entered a guilty plea;
\*The defendant was previously released on bail for the purpose of participating in an inpatient treatment program and was discharged in approximately one month for rules violation and drug use;
\*Upon being discharged from the treatment program, the defendant absconded for a two-month period until her arrest on September 19, 2018;
\*She relapsed while a fugitive and had two positive drug tests while incarcerated following her September arrest;
\*She has prior state charges for bail jumping;
\*The defendant has not been employed since 2016.

## CONCLUSION

Based on the foregoing, the court recommends that the district judge deny the defendant's motion for conditional release (Doc. No. 17).

Any objections to this Report and Recommendation must be filed within fourteen days of service of this notice.  See Fed. R. Crim. P. 59(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Crim. P. 59(b)(2).

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

November 20, 2018

7

cc:    Bjorn R. Lange, Esq.
       Anna Dronzek, AUSA